# EXHIBIT

# B

9/17/2019 11:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36874027
By: Nelson Cuero
Filed: 9/17/2019 11:41 AM

Certified Document Number: 87166578 - Page 1 of 11

## CAUSE NO. _____

| | | |
|---|---|---|
| **AMBER ENGLER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA** | § | |
| | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMBER ENGLER, (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA ("Occidental" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.      Plaintiff is an individual residing in Harris County, Texas.

3.      Defendant is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. The Defendant may be served with process by serving its appointed registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 via certified mail return receipt requested.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $250,000 but not over $500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiff reserves the right to amend the petition during or after the discovery process.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.      Venue is proper in Harris County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiff is the owner of insurance policy TXH1217163 (hereinafter the "Policy"), which was issued by Defendant.

8.      Plaintiff owns the insured property, which is specifically located at 208 E. 24th St., Houston, Texas (hereinafter the "Property").

9.      Defendant sold the Policy to Plaintiff, insuring the Property.

10.     On or about December 28, 2017, a failed water line in the kitchen of the Property was discovered. This failed line resulted in significant damage to the Property.

11.     Plaintiff immediately submitted a claim to Defendant against the Policy for damages that the Property sustained as a result of the failure. Upon information and belief, Defendant assigned a numbered claim. The claim number assigned was 217163372982.

Certified Document Number: 87166578 - Page 2 of 11

12.     On or about March 18, 2018, a failed water line was discovered in a bathroom of the Property. This failure resulted in significant damage to the Property.

13.     Plaintiff immediately submitted a claim to Defendant against the Policy for damages that the Property sustained as a result of the failure. Upon information and belief, Defendant assigned a numbered claim. The claim number assigned was 217163377199.

14.     Plaintiff then asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy, for each covered loss.

15.     Defendant contracted with Bishop & Associates, who sent adjuster Heather Hazen to investigate. On or about January 23, 2018, Defendant submitted its initial payment of $7,281.84 to Plaintiff for repair of the damages sustained.

16.     Given the ridiculously low dollar amount provided by Defendant compared to the obvious damages she sought to repair, Plaintiff became concerned that Defendant was undervaluing her claim. Plaintiff hired Stephanie Corona, a public adjuster, to determine if her suspicions were correct.

17.     On or about February 15, 2018, at Ms. Corona's request, she and Ms. Hazen re-inspected the property. As a result, Plaintiff received a supplemental payment on February 28, 2018, in the amount of $11,210.68.

18.     Plaintiff proceeded to hire a contractor to effectuate repairs to the Property. As this contractor began demolition, he indicated to Plaintiff that there appeared to be significantly more damage than previously thought. Plaintiff immediately reported this concern to Defendant.

19.     While waiting for Defendant to investigate further, Plaintiff discovered additional, on-going damage from an apparently different source. On or about March 18, 2018, a second leak was identified and reported to Defendant.

Certified Document Number: 87166578 - Page 3 of 11

20.     On or about March 28, 2018, Corona and a new adjuster for Defendant, Robert, re-inspected the property. Robert refused to coordinate with Plaintiff's adjuster to identify and repair the damage. To date, no payment has issued for this claim.

21.     Plaintiff's adjuster has determined that, at this point, to fully repair the Property will cost $83,393.20.

22.     To date, Defendant has remitted a total of $18,492.52.

23.     Throughout this process, Plaintiff has submitted receipts and evidence related to her necessary alternate living expenses, which now total far in excess of the policy limit of $45,400.00 for Loss of Use.

24.     To date, Defendant has compensated Plaintiff for $0 for the Loss of Use of the Property.

25.     From the onset of these claims, Defendant set about to deny and/or underpay on properly covered damages. Plaintiff's claim was improperly adjusted due to Defendant's unreasonable investigation of the claim, as well as under-scoping the damages during its investigation. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

26.     Despite Plaintiff's continued efforts to cooperate, Defendant continues to delay and/or deny payment for covered damages to the Property. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

## CAUSES OF ACTION

27.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

28.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

29.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

30.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

31.     The Defendant's breach proximately caused Plaintiff's injuries and damages.

32.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

33.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

34.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's

Certified Document Number: 87166578 - Page 5 of 11

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

36.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

37.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(4).

38.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(7).

39.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

40.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

Certified Document Number: 87166578 - Page 6 of 11

41.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

42.     Defendant's failure to notify Plaintiff, in writing, of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

43.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

44.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

46.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

47.     Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

48.    Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

49.    Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

50.    The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

   e)    Violated the provisions of the Texas Insurance Code described herein.

51.    The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

52.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount of loss

Certified Document Number: 87166578 - Page 8 of 11

Plaintiff have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

53.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54.     The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

55.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

56.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times actual damages. TEX. INS. CODE §541.152.

57.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

Certified Document Number: 87166578 - Page 9 of 11

58.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

59.     For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

61.     Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

62.     Plaintiff requests a jury trial, and has tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition.*

## REQUEST FOR DISCLOSURE

63.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

Certified Document Number: 87166578 - Page 10 of 11

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____
Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87166578 Total Pages:  11

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/17/2019 11:41:08 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36874027
By: CUERO, NELSON
Filed: 9/17/2019 11:41:08 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION _____

**FILE DATE:** 09-17-2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, Texas 75201

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication** Newspaper_____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Shaun W. Hodge   Bar # or ID 24052995

Mailing Address: 2211 Strand, Ste. 302, Galveston, TX 775!

Phone Number: 409-762-5000

Certified Document Number: 87166579 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87166579 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

7018 2290 0001 3523 7084

CAUSE NO.  201967382

RECEIPT NO.                                75.00        CTM
                **********            TR # 73672946·

| PLAINTIFF: ENGLER, AMBER | In The   61st |
| vs. | Judicial District Court |
| DEFENDANT: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | of Harris County, Texas |
| | 61ST DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

P2

TO: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA BY SERVING
    ITS APPOINTED REGISTERED AGENT CT CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900   DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 17th day of September, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 17th day of September, 2019, under my hand and
seal of said Court.



Issued at request of:
HODGE, SHAUN WESLEY
2211 STRAND, SUITE 302
GALVESTON, TX 77550
Tel: (409) 762-5800
Bar No.: 24052395

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//11330759

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy    of    this    citation    together    with    an    attached    copy    of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____            ADDRESS

_____            Service was executed in accordance with Rule 106
                                               (2) TRCP, upon the Defendant as evidenced by the ·
(a) ADDRESSEE                                   return receipt incorporated herein and attached
_____                hereto at

                                            on _____ day of _____, _____
                                            by U.S. Postal delivery to _____
                                            _____

                                            This citation was not executed for the following
                                            reason: _____
                                            _____

                                            MARILYN BURGESS, District Clerk
                                            Harris County, TEXAS

                                            By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

N.INT CITM.P                    *73672946*

7018 2290 0001 3523 7084

CAUSE NO. 201967382

RECEIPT NO.                 75.00      CTM
        \*\*\*\*\*\*\*\*\*              TR # 73672946

| | |
|---|---|
| PLAINTIFF: ENGLER, AMBER<br>         vs.<br>DEFENDANT: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | In The    61st<br>Judicial District Court<br>of Harris County, Texas<br>61ST DISTRICT COURT .<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA BY SERVING
     ITS APPOINTED REGISTERED AGENT CT CORPORATION SYSTEM

   1999 BRYAN STREET SUITE 900  ,DALLAS TX 75201

     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>17th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 17th day of September, 2019, under my hand and
seal of said Court.



<u>Issued at request of:</u>
HODGE, SHAUN WESLEY
2211 STRAND, SUITE 302
GALVESTON, TX 77550
Tel: (409) 762-5000
<u>Bar No.:</u> 24052995

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON 7MM//11330759

---

CLERK'S RETURN BY MAILING

Came to hand the   _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

                                      ADDRESS

_____

(a)ADDRESSEE

_____

Service was executed in accordance with Rule 106
     (2) TRCP, upon the Defendant as evidenced by the
        return receipt incorporated herein and attached
        hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk .
Harris County, TEXAS

By _____, Deputy

Certified Document Number: 87220056 - Page 2 of 2

N.INT.CITM.P                          \*73672946\*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87220056 Total Pages: 2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2019-67382



MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TX 77210-4651

RECEIVED
MR

SEP 17 2019

Marilyn Burgess
District Clerk

2019-67382
61st COURT

09-17-19

OCCIDENTAL FIRE & CASUALTY COMPANY, OF
NORTH CAROLINA
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

Certified Document Number: 87357843 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:      87357843 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

OCCIDENTAL FIRE & CASUALTY COMPANY OF
NORTH CAROLINA
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201

9590 9402 4974 9063 5398 25

2019-67382  61st COURT

2. Article Number (Transfer from service label)

7018 2290 0001 3523 7084

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

B. Received by (Printed Name)          SEP 1 9 2019

Antoinette Williams

□ Agent
□ Addressee

C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Restricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

*Left margin vertical text:* Certified Document Number: 87529507 - Page 10 of...



Certified Document Number: 87529507 - Page 2 of 2

USPS TRACKING#

9590 9402 4974 9063 5398 25

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
**P.O. BOX 4651**
**HOUSTON, TX 77210-4651**

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 SEP 27 PM 1:45
09-27-19

BY_____
MAIL PROCESSING ADMIN



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87529507 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/14/2019 8:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37612912
By: Brenda Espinoza
Filed: 10/14/2019 8:43 AM

CAUSE NO. 2019-67382

| | | |
|---|---|---|
| AMBER ENGLER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 61ST JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

under the Texas Insurance Code and Texas Business & Commerce Code.  TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit.  Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Certified Document Number: 87584529 - Page 2 of 4

6.

Requests for Disclosure

At the time required by law or the Rules, the Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
          Mikell A. West
          State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 14th day of October, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Shaun W. Hodge
The Hodge Law Firm, PLLC
Email: shodge@hodgefirm.com

**VIA E-FILING**

/s/ Mikell A. West
Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87584529 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/14/2019 8:43 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37612912
By: Brenda Espinoza
Filed: 10/14/2019 8:43 AM

CAUSE NO. 2019-67382

| | | |
|---|---|---|
| AMBER ENGLER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 61ST JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury. The jury fee was previously paid by Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
        Mikell A. West
        State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE &
CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

   I, Mikell A. West, hereby certify that on the 14th day of October, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiff</u>*
Shaun W. Hodge
The Hodge Law Firm, PLLC
Email: <u>shodge@hodgefirm.com</u>

**VIA E-FILING**

             */s/ Mikell A. West*
             Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 16, 2019

Certified Document Number:        87584531 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**